Joseph DESPAIN et al., Plaintiffs,

v.

Jerome CHAPMAN et al., Defendants.

Civ. A. No. H–80–1434.

United States District Court,
S. D. Texas,
Houston Division.

Jan. 27, 1981.
As Amended March 11, 1981.

Harry H. Walsh, Huntsville, Tex., for plaintiffs.

Kathryn A. Reed, Asst. Atty. Gen., Austin, Tex., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This case involves a constitutional challenge to several of Texas' statutes concerning child abuse investigations, within chapter 34 of the Texas Family Code, Title 2 (1975 & Supp.1980). The plaintiffs seek declaratory and injunctive relief, damages, and attorneys fees under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. Jurisdiction of the court is properly invoked pursuant to 28 U.S.C. §§ 1343 & 2202. The case is now before the court on the defendants' renewed motion to dismiss or motion for summary judgment, based on the doctrine of abstention.

Prior to this renewed motion, several other motions and orders were filed in this case. First, the plaintiffs applied for a temporary restraining order to prevent the execution of the Texas county court's ex

parte order requiring cooperation with a child abuse investigation. The temporary restraining order was granted, pending a hearing on the plaintiffs' motion for a preliminary injunction. The defendants filed a motion to dismiss or motion for summary judgment, based on abstention. The court held a hearing on July 18, 1980 concerning the plaintiffs' application for a preliminary injunction, which contested the constitutionality of the ex parte order. By the time of the hearing, the defendants had scheduled a non-ex parte hearing in the state's county court on the defendants' second application for an order requiring cooperation with a child abuse investigation. Therefore, this court abstained from deciding the merits of the case. The court extended the temporary restraining order previously entered, pending the hearing in the state court, in the event that the plaintiffs' constitutional arguments might be heard there. The county court proceedings concluded September 25, 1980, and the defendants' second application for an order requiring cooperation with a child abuse investigation was denied. Both before and after the state hearing, the plaintiffs amended their complaint, alleging additional incidents of unconstitutional acts by the state and requesting additional relief. Now the defendants have renewed their motion to dismiss or motion for summary judgment. Because material extrinsic to the pleadings will be considered, the court will treat this motion as one for summary judgment.

■ The defendants' motions for summary judgment, based on the abstention doctrine, should be denied. The abstention doctrine under *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), requires a district court to abstain from deciding the constitutionality of state criminal or civil statutes where a state proceeding is pending in which the constitutional claims may be presented. The doctrine also appears to require the district court to stay its hand where the constitutional claims could have been, but were not presented by the petitioner in the state proceeding. *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). Where the state trial court hears the constitutional claims and disposes of them, the federal district court should not intervene in the case, either. The proper procedure would involve exhaustion of the state's appellate mechanism, and, ultimately, appeal to the U.S. Supreme Court. *Huffman v. Pursue*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1974). However, where the petitioner is barred or is otherwise prevented from raising the constitutional claims in the state court, abstention is not appropriate.

■ In this case, abstention is no longer appropriate. This court properly abstained from examining the merits of the plaintiffs' motion for a preliminary injunction while the state court proceeding was pending. That proceeding has concluded; consequently, abstention is no long appropriate on that basis.

■ Furthermore summary judgment based on any other theory of abstention is not proper at this time. A genuine issue of material fact exists concerning whether the plaintiffs raised or could have raised their constitutional claims regarding the ex parte order in the county court proceeding. Although the plaintiffs allegedly prevailed in the county court regarding the second non-ex parte application for an order, they contend that they were unable to raise their constitutional claims pertaining to the first ex parte order at that proceeding. They also contend that the injury they suffered as a result of the first order was not remedied by the state court. Contravening the plaintiffs, the defendants urge that the plaintiffs were not precluded from raising their claims in state court. The defendants intimate that since the plaintiffs prevailed, their constitutional claims were disposed of in the state proceeding. This dispute between the parties shows that there exists a genuine issue of material fact, and summary judgment cannot be granted.

In accordance with the preceding memorandum, it is hereby ORDERED, ADJUDGED, and DECREED that the defendants' motion for summary judgment be, and the same is DENIED.